*Dezotell v. Menard*, 295-5-16 Wncv (Teachout, J., July 31, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                    **CIVIL DIVISION**
**Washington Unit**                                                    **Docket No. 295-5-16 Wncv**

**Gordon Dezotell**
    **Plaintiff**

    **v.**

**Lisa Menard**
    **Defendant**

## DECISION
### Cross-Motions for Summary Judgment

Inmate–Plaintiff Gordon Dezotell seeks Rule 75 review of a disciplinary conviction for facilitating an assault on another inmate. Specifically, he was found guilty of boiling tea and supplying it to another inmate who he knew intended to, and in fact did, throw it on another inmate to burn him. On review, he argues that his conviction was supported solely by testimony from confidential witnesses whose credibility was not established under the standards articulated in *Herring v. Gorczyk*, 171 Vt. 240 (2001). He further argues that even if the CI testimony was properly considered, it was equivocal and therefore insufficient to support a finding of guilt.

When reviewing an inmate disciplinary decision, the court "need find only that there was 'some evidence' in order to uphold a conviction." *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220 (quoting *LaFaso v. Patrissi*, 161 Vt. 46, 49 (1993)). This standard is met when "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*.

*Herring* generally requires some indication of reliability for the use of confidential informant testimony in a prison disciplinary proceeding. It sets out a non-exclusive list of ways reliability may be shown: "(1) by oath of the investigating officer as to the truth of the report containing information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of their past record of reliability; or (4) in camera review of material documenting the investigator's assessment of the credibility of the confidential informant." *Herring v. Gorczyk*, 173 Vt. 240, 243–44 (2001). In *Herring*, the guilty verdict was based on confidential informant testimony alone and no reliability of that testimony had been established in any way. The conviction was reversed.

Here, several confidential witnesses were interviewed separately. Each was an eyewitness to the assault and described the assault consistently with each other's account. The corrections officer taking their statements watched a video recording of the assault. The confidential testimony was consistent with the events as viewed on the video and with the statement of the victim. The corrections officer specifically said in his report that, based on his

view of the video, there was no way that the assault was unintentional.

The basic facts were these. One inmate (White) had a dispute with another about sitting at the same table. The next day, the same circumstances arose and, as Mr. Dezotell testified at his hearing, he knew there was going to be trouble. Mr. Dezotell microwaved a cup of tea multiple times and then gave it to White, who was the aggressor both days. Shortly thereafter, White threw it on the other inmate. Mr. Dezotell was grinning while boiling the tea and made a comment after the attack about whether it was hot enough.

The hearing officer clearly drew the inference that Mr. Dezotell knew that the assault would occur once he handed over the tea to White. One could reasonably infer that microwaving the tea repeatedly was to maximize its potential to burn, that Mr. Dezotell was grinning because he knew what was about to occur, and that his comment after the attack implied that he knew beforehand that it was going to occur. The verdict did not depend solely on the testimony of confidential informants and other evidence corroborated the confidential informant testimony in any event.

The record does not lack "some evidence" of guilt.


ORDER

For the foregoing reasons: Mr. Dezotell's motion for summary judgment is denied; the State's is granted.

Dated at Montpelier, Vermont this _____ day of July 2017.


_____
Mary Miles Teachout,
Superior Judge